12-0040-cv
*Alco Plastic Products Ltd. v. The Accessory Corporation*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of November, two thousand twelve.

PRESENT:

      PIERRE N. LEVAL,
      JOSÉ A. CABRANES,
      ROBERT D. SACK,
            *Circuit Judges.*

---

Alco Plastic Products, Ltd.,

      *Plaintiff-Appellee*,

         v.

The Accessory Corporation,

      *Defendant-Appellant*.

No. 12-0040-cv

---

**FOR PLAINTIFF-APPELLEE:**      James H. Hohenstein, Christopher R. Nolan, Holland & Knight LLP, New York, NY.

**FOR DEFENDANT-APPELLANT:**      David C. Buxbaum, Anderson & Anderson LLP, New York, NY.

Appeal from a December 5, 2011 order of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant The Accessory Corporation ("TAC") appeals from the District Court's December 5, 2011 order denying its request for attorneys' fees and related expenses. We assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision to affirm.

## BACKGROUND

The dispute underlying this action concerns TAC's failure to pay for clothes hangers and other materials it purchased from Alco Plastic Products Limited ("Alco"). Due to TAC's failure to pay, Alco brought suit against it in the High Court of the Hong Kong Special Administrative Region Court of First Instance. In that proceeding, Alco requested that it be able to serve TAC at the address listed on file with the Division of Corporations of the New York Department of State: "236 West 40th St., New York, New York, 10018." The Hong Kong Court granted Alco's request.

Alco retained Process Forwarding International to effectuate service at the 236 West 40th Street address and, on March 17, 2010, the writ of summons and statement of claim was delivered to an individual named "Pappe" at that address. TAC, however, never appeared before the Hong Kong Court. Thus, on May 10, 2010, the Hong Kong Court granted a default judgment in favor of Alco for approximately $270,000, including costs and fees.

On June 9, 2010, Alco's counsel sent a letter to TAC demanding payment. When the clerk delivering the letter could not locate TAC at 236 West 40th Street, he searched for more information regarding TAC's location and delivered the demand letter to *250* West 40th Street. (Apparently, TAC moved to 250 West 40th Street sometime in 2007 but never updated its records with the Division of Corporations of the New York Department of State.) Settlement negotiations began shortly thereafter, and during those initial negotiations, counsel for TAC (not TAC's current counsel) did not mention the issue of improper service.

TAC's counsel did not raise the issue of improper service until October 19, 2010, when it stated in a letter to Alco's counsel that "[y]our client is surely aware that TAC did not have actual notice of the commencement of your action . . . and our client is of the opinion that your client's judgment is unenforceable for this reason, among others." Joint App'x at 221. No evidence was

2

offered to support the "surely aware" statement, and the record shows no other mention of the service issue until after Alco filed its action in the Southern District of New York to enforce the Hong Kong judgment. Indeed, TAC provided no evidence of improper service until it filed its motion for summary judgment on September 7, 2011 challenging service of process.

After a conference call with the District Court regarding the summary judgment motion and after further investigation into the issue of service of process, Alco's counsel came to the conclusion that it could not verify with certainty that service had been effectuated properly. Accordingly, Alco sent a letter to the District Court seeking voluntary dismissal of the action. TAC, however, refused to sign the proposed stipulation of voluntary dismissal and demanded that Alco bear the costs of the action. Nevertheless, on November 9, 2011, the District Court dismissed the action without prejudice and without costs.

Just over a week later, TAC filed a motion for attorneys' fees and related expenses, "pursuant to New York Unified Rules of Court § 130-1.2 and Southern District of New York Local Civil Rule 54.1(a)," alleging that Alco engaged in frivolous conduct and brought the underlying enforcement action in bad faith. The District Court denied TAC's motion for attorneys' fees and related expenses on December 5, 2011. This appeal followed.

## DISCUSSION

We review a denial of costs for "abuse of discretion." *See, e.g.*, *Harris Trust & Sav. Bank v. John Hancock Mut. Life Ins. Co.*, 302 F.3d 18, 26 (2d Cir. 2002). After reviewing the record before us, we conclude that the District Court committed no error in denying TAC's motion for attorneys' fees and related expenses.

On appeal, TAC argues that it is entitled to attorneys' fees and related expenses because Alco's enforcement action was frivolous and commenced in bad faith. No evidence in the record, however, supports this argument. Rather, the facts of this case suggest that Alco's actions were reasonable and undertaken in good faith: (1) after TAC failed to pay Alco for a shipment of goods, Alco filed suit in Hong Kong to collect the underlying debt; (2) with permission from the Hong Kong Court, Alco contracted with a process server to serve TAC at the address listed on TAC's website and on file with the New York Department of State; (3) Alco received confirmation that service was effectuated at that address; (4) once judgment was rendered in favor of Alco in Hong Kong, it demanded payment from TAC; and (5) after TAC provided evidence that service may have been ineffective, Alco agreed to withdraw the enforcement action without prejudice.

3

The cases on which TAC relies demonstrate the lack of merit in this appeal. For example, TAC attempts to argue that this case is similar to *Kovalesky v. A.M.C. Assoc. Merchandising Corp.*, 551 F. Supp. 544 (S.D.N.Y. 1982). In that case, a district court awarded attorneys' fees because the process server "threw the papers in AMC's lobby" instead of serving the appropriate individuals. *Id.* at 546. The intentional "shoddy practice" in that case, however, is nothing like the service at issue here, which was frustrated largely by the fact that TAC's own website listed an incorrect address and its records with the New York Department of State were out of date. The other cases relied on by TAC are similarly inapposite.

Beyond the fact that this appeal is devoid of substantive merit, TAC's motion for attorneys' fees and related expenses was also procedurally improper. As the District Court noted, TAC "provided no support for the proposition that the New York Unified Rules of Court are applicable in federal court . . . . [and] Local Civil Rule 54.1(a) addresses certain 'taxable costs,' which, notably, does not include attorneys' fees." Joint App'x at 264 n.1.[1] Thus, even if TAC were correct that Alco's conduct was frivolous and undertaken in bad faith—a conclusion not supported by the record—the District Court would have been correct to deny TAC's motion because the New York Unified Rules of Court and Local Rule 54.1(a) could not serve as a basis for the relief it seeks.

## CONCLUSION AND ORDER TO SHOW CAUSE

We have considered all of TAC's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.

In a separate order filed simultaneously herewith, we direct TAC's counsel to show cause, in a memorandum no longer than fifteen double-spaced pages, why he should not be sanctioned under 28 U.S.C. § 1927 for filing a frivolous appeal on or before November 21, 2012 by 5:00 P.M. Alco's counsel is not required to respond.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] TAC fails to address this procedural defect in its brief. Rather, it conveniently argues on appeal that "Federal Rule of Civil Procedure 54(d)(2) allows a claim for attorneys' fees and related nontaxable expenses to be made by motion . . . ."